ANSTEAD, Judge,
dissenting.
I realize that in James this court held that the statute in effect on the date that *611 an employee’s alleged misconduct takes place governs the authority vested in the Career Service Commission to review the employee’s disciplinary action. However, since in this case the Commission’s authority to withhold back pay from the employee did not exist at the time the Commission reviewed the employee’s demotion, I would reverse the Commission decision to the extent that back pay was withheld. Under Section 110.061, Florida Statutes (1978), the Commission had authority to reinstate a demoted employee but withhold back pay. However, under Sections 110.305 and 110.-309 effective July 1,1979, the Commission’s authority to reinstate without back pay was specifically limited to suspensions and dismissals. I believe the legislature intended its revision of the regulatory scheme over employees to apply to all subsequent Commission action taken after the effective date of the revision unless some vested rights of the employee were disturbed. No such vested rights are involved herein.